UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS ROBLES,

    Plaintiff,

-v-                                         09-CV-0718A

**ORDER**

WARDEN S. KHAHAIFA, et al.

    Defendants.

---

## BACKGROUND

Plaintiff, Nicholas Robles, proceeding pro se in this action filed under 42 U.S.C. § 1983 has filed two additional motions for a temporary restraining order and preliminary injunction related to the prescription of pain medication for treatment of a shoulder injury. (Docket Nos. 9, 11). The Court had denied previously a request by plaintiff for similar relief filed in conjunction with the complaint in this matter and instructed plaintiff to file an amended complaint by November 23, 2009 which not only set forth the names of individuals at the Orleans Correctional Facility or within the New York State Department of Correctional Services ("DOCS") whom he claims were personally involved in the alleged denial of medical treatment for his shoulder injury but also alleged how said individuals were deliberately indifferent to his shoulder injury.[1]

---

[1] The complaint named only the "New York State Department of Prisons" and Brian Fischer, the Commissioner of DOCS, as defendants in this matter. The complaint against the Department of Prisons was dismissed and plaintiff was directed to file an amended complaint which named as defendants those individuals whom were alleged to have been personally involved in the alleged denial of adequate medical treatment. (Docket No. 7). Plaintiff was warned that his failure to file an amended complaint as directed would lead to the

## A. Motions for Injunctive Relief

The Court had found initially that plaintiff was not entitled to injunctive relief because, in part, he had not established either a likelihood of success on the merits and irreparable injury,[2] or serious questions going to the merits with the balance of hardships tipping decidedly in plaintiff's favor. (Docket No. 7, Decision and Order (citing Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 (2d Cir. 1985); Paulsen v. County of Nassau, 925F.2d 65, 68 (2d Cir. 1991)).

Based on review of plaintiff's instant motions and statements in support of them (Docket Nos. 9-12), the Court finds no basis to grant the relief sought by plaintiff. The Court notes that, at this time, there is no basis to find that defendants are ignoring plaintiff's complaint of pain and the claim that plaintiff is not receiving sufficient pain medication may be no more than a disagreement over the type of treatment he is currently receiving--i.e., ultram and pirovicam, both over the counter medications. (Docket No. 11).[3] See Hyde v. McGinnis, 429 F.2d 864, 867 (2d Cir. 1970). Plaintiff's conclusory allegation that the facility physician, Douglas, is using

---

dismissal of the complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

[2]Where an alleged deprivation of constitutional harm is involved, courts generally do not require that the party seeking injunctive relief make a further showing of irreparable harm. See Mitchell v. Cuomo, 748 F.2d 804, 806 (2d Cir. 1984) (quotation and other citations omitted). The Court, however, makes no finding at this time that Plaintiff has actually suffered irreparable harm.

[3]Various responses to plaintiff's numerous grievances filed in relation to the treatment at issue that are attached to one of plaintiff's motions herein, (Docket No. 11), note that investigations by the Inmate Grievance Review Committee (IGRC) reveal that plaintiff was prescribed sufficient pain medication and physical therapy.

2

a "form of administratively and bureaucratically policy and procedure set up by the medical administration to justif[y] delay of medical care" (*id.*), is insufficient to support a request for a temporary restraining order and preliminary injunction. Plaintiff's own allegations and statements are simply insufficient to support the extraordinary relief requested.[4] *See* Thompson v. Laclair, 2008 WL 191212, 9:08-CV-37 (FJS/DEP), (N.D.N.Y. Jan. 22, 2008) (Plaintiff submitting only his own affidavit containing his request for a preliminary injunction injunctive relief and setting forth briefly the reasons why he believes he is entitled to relief is not sufficient to meet the standards necessary to grant injunctive relief).

**B. Amended Complaint**

The Court notes that plaintiff was both ordered to file an amended complaint by November 23, 2009 (Docket No. 7) and advised that if he failed to file an amended complaint as directed the complaint would be dismissed with prejudice for failure to state a claim upon which relief could be granted. Plaintiff has not filed an amended complaint as directed but the Court notes that he has submitted two additional motions for injunctive relief and what the Court has docketed as statements in support of the motion which may have been plaintiff's attempts to amend the complaint. Therefore, the Court finds that it would be improvident to dismiss the complaint at this

---

[4]"A preliminary injunction is considered an 'extraordinary remedy that should not be granted as a routine matter.'" Distribution Systems of America, Inc. v. Village of Old Westbury, 785 F.Supp. 347, 352 (E.D.N.Y. 1992) (quoting JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990)).

3

time based on plaintiff's failure to file an amended complaint, see McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir.2004) ("when [a] plaintiff proceeds pro se, ... a court is obliged to construe his pleadings liberally[]"), and that plaintiff will be provided one final opportunity to file an amended complaint which both names as defendants those individuals he claims were personally involved in the alleged constitutional violation, see Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995), and sets forth allegations against said individuals that sufficiently state a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution. See, e.g., Ross v. Kelly, 784 f.Supp. 35, 43-44 (W.D.N.Y.), aff'd 970 F.2d 896 (2d Cir.), 506 U.S. 1040 (1992) (a claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to plaintiff's serious medical needs).

**ORDER**

IT IS HEREBY ORDERED that plaintiff's motions for a temporary restraining order and preliminary injunction (Docket Nos. 8 and 10) are denied without prejudice;

FURTHER, that plaintiff must file an amended complaint as directed above and in the Court's initial Decision and Order filed on October 20, 2009 (Docket No. 7) by **April 10, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original

complaint/declaration, a blank § 1983 complaint form, the instructions for preparing an amended complaint and the Court's Decision and Order filed on October 20, 2009 (Docket No. 7);

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **April 10, 2010,** the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **April 10, 2010,** the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **April 10, 2010,** the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. Coppedge v. United States, 369 U.S. 438 (1962). Further requests to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

S/ MICHAEL A. TELESCA<br>MICHAEL A. TELESCA<br>United States District Judge

Dated:   March 5, 2010
         Rochester, New York