UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICHOLAS ROBLES,

Plaintiff,

**Hon. Hugh B. Scott**

v.

09CV718A

**Order**

NEW YORK STATE DEPARTMENT OF PRISONS, WARDEN S. KHUHAIFA, et al.,

Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 19). The instant matter before the Court is plaintiff's motion for a temporary restraining order and preliminary injunction (Docket No. 21[1]). Responses to this motion were due by July 25, 2011, and any reply was due by August 8, 2011, with the motion submitted (without oral argument) on August 8, 2011 (Docket No. 25). The parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 30, Aug. 15, 2011)[2].

[1]In support of this motion, plaintiff submits various supporting papers and exhibits, Docket No. 22, and his reply declaration, Docket No. 29. In opposition, defendants submit their attorney's declaration, Docket No. 26, and their memorandum of law, Docket No. 27.

[2]Plaintiff is currently incarcerated at Groveland Correctional Facility, as of the latest mail received from him, see Docket No. 29.

**BACKGROUND**

This is a civil rights action by an inmate, proceeding pro se, alleging that defendants acted with deliberate indifference to his medical condition, in violation of his Eighth Amendment rights. (see generally Docket No. 14, Am. Compl.; cf. Docket No. 1, Compl.). The initial Complaint also was a declaration in support of a temporary restraining Order ("TRO") and for a preliminary injunction (Docket No. 1). As noted by defendants (Docket No. 27, Defs. Memo. at 2), plaintiff asserts claims based upon actions or inactions while plaintiff was incarcerated at the Orleans Correctional Facility ("Orleans"). All of the remaining defendants work at Orleans (id.).

The Order granting plaintiff in form pauperis status also denied (without prejudice) plaintiff's motion for a TRO, dismissed claims against certain defendants, and granted plaintiff leave to amend the Complaint (Docket No. 7, Order). Plaintiff then filed his first (Docket No. 9) and second stand alone motions for a TRO (Docket No. 11), which were denied (Docket No. 13). The Court found that plaintiff had not established irreparable harm or a likelihood of success on the merits (id. at 2-3). That Order gave plaintiff until April 10, 2010, to amend the Complaint (id. at 3-5), which plaintiff did (Docket No. 14). The remaining defendants–Orleans Warden Khuhaifa, prison doctors, guards, and a prison grievance supervisor at Orleans–jointly answered on April 15, 2011 (Docket No. 17).

*Plaintiff's Injunction Motion*

Plaintiff now moves for an Order to show cause why a TRO and preliminary injunction should not be entered (Docket No. 21). He alleges in this motion that officers at the Attica Correctional Facility ("Attica"), where plaintiff subsequently was assigned, harassed him and retaliated against him (id., Pl. Affirm. ¶ 25). He claims that he is suffering from a delay in

medical treatment for his right shoulder, that the delay or denial of medical treatment is in reprisal against him and, due to his indigent status, plaintiff cannot post a security for the injunction (id., Pl. Memo. at 2-3). According to defendants, plaintiff's current motion alleges that he was denied access to an outside orthopedic specialist while at Attica; that staff at that facility retaliated against plaintiff by denying him access to the law library (Docket No. 27, Defs. Memo. at 2, citing Docket No. 21, Pl. Affirm. ¶¶ 23, 25, 26, Docket No. 22, Pl. Supporting Papers ¶¶ 9-10), as well as a denial of the right to seek legal counsel (Docket No. 21, Pl. Affirm. ¶ 23).

Defendants argue that the relief sought in this motion would be against non-defendants and that none of the remaining defendants can give the relief sought (Docket No. 27, Defs. Memo. at 2). They conclude that the TRO should be denied because this Court lacks jurisdiction over the proper persons to grant plaintiff relief and that plaintiff has not established the elements for preliminary injunctive relief, making only conclusory and speculative allegations in support of this motion (id. at 3, 4-5, 5-6).

In reply, plaintiff argues that he has been "formally and informally retaliated against" by the prison administrator "in the western prison" (Docket No. 29, Pl. Reply Decl. ¶ 2), without stating who was retaliating against him. But plaintiff complains that he was transferred to the Groveland Correctional Facility (see Docket No. 28) where he continues to have shoulder pain (Docket No. 29, Pl. Reply Decl. ¶ 4). Plaintiff still seeks medical treatment and having his shoulder examined by an orthopedic specialist (id. ¶¶ 8, 10). He also seeks release from imprisonment (id. ¶ 9).

## DISCUSSION

As previously noted on plaintiff's earlier temporary restraining Order application (Docket No. 7, Order at 3),

> A temporary restraining order may be granted without written or oral notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter," JSG Trading Corp. v. Tray-Wrap, 917 F.2d 75, 79 (2d Cir. 1990) (Docket No. 27, Defs. Memo. at 3). A party seeking such preliminary relief must usually show: (a) that it will suffer irreparable harm in the absence of an injunction; and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation; and (iii) a balance of hardships tipping decidedly in the movant's favor. Hsu By and Through Hsu v. Roslyn Union Free Sch. Dist., 85 F.3d 839, 853 (2d Cir.), cert. denied, 519 U.S. 1040 (1996); Brooks v. Giuliani, 84 F.3d 1454, 1462 (2d Cir.), cert. denied, 519 U.S. 480 (1996) (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979); PSC Inc. v. Reiss, 111 F. Supp. 2d 252, 254 (W.D.N.Y. 2000) (Larimer, C.J.). An even stricter standard must be used where the plaintiff seeks affirmative type relief, otherwise known as a mandatory injunction, or where the injunction sought "'will provide the [inmate] with substantially all the relief sought, and that relief cannot be undone even if the defendant prevails at a trial on the merits.'" Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996) (citations omitted), overruled on other grounds by City of Boerne v. Flores, 521 U.S. 507 (1997). In these

cases, the plaintiff must make a "clear" or "substantial" showing of a likelihood of success.  See also Eng v. Smith, 849 F.2d 80, 82 (2d Cir. 1988); Costello v. McEnery, 767 F. Supp. 72, 75 (S.D.N.Y.), aff'd w/o opn., 948 F.2d 1278 (2d Cir. 1991), cert. denied, 504 U.S. 980 (1992); see also Woods v. Goord, No. 01 Civ. 3255, 2002 U.S. Dist. LEXIS 19371, at *6 -7 (S.D.N.Y. Oct. 10, 2002).  (Docket No. 27, Defs. Memo. at 3; see also Docket No. 7,Order at 3-4.)

As with the prior attempts at preliminary injunctive relief (see Docket No. 7, Order at 4-5), the more stringent standard applies.  Plaintiff here is seeking the affirmative relief of access to a medical specialist, access to the Attica Correctional Facility law library (this may be moot merely because plaintiff is now at the Groveland Correctional Facility, see note 2 supra), and an end to retaliation by Attica officers and officials against plaintiff.  As affirmative relief, plaintiff needs to establish a "clear" or "substantial" showing of likelihood of success on his underlying claim and plaintiff has not done that in this motion.  Furthermore, as defendants note, he is seeking relief only against officers and officials at Orleans for injunctive relief against actions at the Attica Correctional Facility; these defendants cannot grant the relief plaintiff now seeks.  The New York State Department of Correctional Services ("DOCS"), the operator of these facilities, is no longer a defendant in this action (see Docket No. 7, Order at 2, 7 (dismissing claims against the misnamed "New York State Department of Prisons" and against DOCS under the Eleventh Amendment), nor are any Attica officers or official defendants, see also United States v. Regan, 858 F.2d 115, 120 (2d Cir. 1988) (courts generally do not issue orders against nonparties) (Docket No. 27, Defs. Memo. at 4-5).  Finally, plaintiff is no longer at Attica so any injunctive relief directed to that facility for plaintiff would be moot since he is now at Groveland Correctional Facility.  Plaintiff assumes that there is such an entity as the "Western Division

Department of Prisons" (see, e.g., Docket No. 29, Pl. Reply Decl. ¶¶ 2, 5, 9) that is still somehow a defendant, hence a party that can be enjoined. But this Court dismissed the correctly named New York State Department of Correctional Services (Docket No. 7, Order at 2, 7) and no such entity exists called the "Western Division Department of Prisons". Hence, the injunctive relief plaintiff now seeks is not available from the remaining defendants (the Orleans prison officers and officials) in this action.

**CONCLUSION**

Based upon the above, plaintiff's motion for a temporary restraining Order and preliminary injunction (Docket No. 21) is **denied**.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 29, 2011